**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

RUSSELL L. DAVIS
ADC #096344                                                                                    PLAINTIFF

v.                                      2:26-cv-00088-BSM-JJV

DAVID BREWER, Rehab Facility Supervisor,
Arkansas Department of Corrections; *et al.*                             DEFENDANTS

**RECOMMENDED DISPOSITION**

The following Recommended Disposition ("Recommendation") has been sent to United

States District Judge Brian S. Miller.  Any party may serve and file written objections to this

Recommendation.  Objections should be specific and include the factual or legal basis for the

objection.  If the objection is to a factual finding, specifically identify that finding and the evidence

that supports your objection.  Your objections must be received in the office of the United States

District Court Clerk no later than fourteen (14) days from the date of this Recommendation.

Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.    INTRODUCTION**

Plaintiff Russell L. Davis is a prisoner in the East Arkansas Regional Unit of the Arkansas

Division of Correction (ADC) who has filed a *pro se* Complaint and Amended Complaint seeking

relief pursuant to 42 U.S.C. § 1983.  (Docs. 2, 3.)  The Prison Litigation Reform Act requires

federal courts to screen prisoner complaints seeking relief against a governmental entity, officer,

or employee.  28 U.S.C. § 1915A.  The court must dismiss a complaint or portion thereof if the

prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon

which relief may be granted; or (c) seek monetary relief from a defendant who is immune from

such relief.  *Id.*  When conducting this review, the court construes *pro se* pleadings liberally.

*Solomon v. Petray,* 795 F.3d 777, 787 (8th Cir. 2015).  But "labels and conclusions," "formulaic recitation[s] of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a plausible claim.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Instead, the complaint must provide "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Id.*

## II.    DISCUSSION

Plaintiff says four years ago he was deemed eligible for parole on the condition that he complete an unspecified duration at a halfway house.  (Docs. 2, 3.)  However, he cannot find a halfway house that will accept him because he is a level three sex offender.   Accordingly, he asks the Court to require several ADC Defendants to reconsider his sex offender level.   After careful consideration and for the following reasons, I conclude he has failed to plead a plausible claim for relief for the following reasons.

A § 1983 action can only be brought against a state actor for the violation of a federal constitutional right.  42 U.S.C. § 1983; *Roberson v. Dakota Boys & Girls Ranch,* 42 F.4th 924, 928 (8th Cir. 2022).  It is well settled prisoners do not have a federally protected constitutional right to parole, which is discretionary under Arkansas law.  *See Hamilton v. Brownlee*, Case No. 06-2304, 2007 WL 1655681 (8th Cir. June 8, 2007); *see also Jenner v. Nikolas*, 828 F.3d 713 (8th Cir. 2016); *Hopkins v. Ross*, No. 4:25-cv-00114-JM-ERE, 2025 WL 1386022 (E.D. Ark. May 13, 2025), *rec. adopted*, 2025 WL 1582451 (E.D. Ark. June 4, 2025).  And Ark. Code Ann. § 12-12-917(h)(1)(C) says state officials cannot reassess a prisoner's sex offender level "until his or her release from incarceration."

## III.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.      The Complaint and Amended Complaint (Docs. 2, 3) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2.      In the future, dismissal of this action be counted as a strike under 28 U.S.C. § 1915(g).

3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 9th day of June 2026.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE